# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REGINALD FULLARD, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20CV100 |
| | ) |
| STATE OF NORTH CAROLINA, et al., | ) |
| Defendant(s). | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Reginald Fullard's motion for reconsideration. (Docket Entry 6.) This document was filed after the Court's entry of Judgment in this matter on March 6, 2020. (*See* Docket Entry 5.) As explained herein, Plaintiff's motion should be denied.

The undersigned entered a Recommendation that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, accompanied by the $400.00 filing fee. (Docket Entry 3.) After Plaintiff failed to file timely objections, Judgment was entered on March 6, 2020, adopting the undersigned's Recommendation. (Docket Entry 5.) Shortly thereafter, the Court received the instant motion for reconsideration (Docket Entry 6.)

Reconsideration of a previous judgment under Rule 59(e) of the Federal Rules of Civil Procedure is at the discretion of the Court.[1] *Collison v. Int'l Chem. Workers Union, Local 217*, 34

---

[1] The undersigned notes that Plaintiff's motion was filed within 28 days of the most recent Judgment.

1

F.3d 233, 236 (4th Cir. 1994). The Fourth Circuit has granted the motion only in narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered . . . ." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal citations omitted). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotations omitted).

A review of Plaintiff's motion indicates that none of the narrow circumstances above are present here to warrant granting the motion. Plaintiff's motion does not assert either a change in the law, the discovery of new evidence that was previously unavailable, or a legal error so clear or the risk of an injustice so manifest that it provides a basis for invoking the "extraordinary remedy" of altering or amending the final judgment of the Court. Rather, Plaintiff merely asserts that he was unable to file timely objections because he was transferred to another prison facility due to flooding concerns. (Docket Entry 6 at 1.) However, Plaintiff does not attach his objections or otherwise indicate what they may be. Because Plaintiff fails to present any argument warranting reconsideration, his motion should be denied. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reconsideration (Docket Entry 6) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

March 23, 2020
Durham, North Carolina