# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REGINALD FULLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20CV100 |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendant(s). ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Reginald Fullard's second motion for reconsideration. (Docket Entry 11.) As explained herein, Plaintiff's motion should be denied.

The undersigned entered a Recommendation that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, accompanied by the $400.00 filing fee. (Docket Entry 3.) The undersigned specifically noted that Plaintiff is barred by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. (*Id.* at 1.) After Plaintiff failed to file timely objections, Judgment was entered on March 6, 2020, adopting the undersigned's Recommendation. (Docket Entry 5.) Shortly thereafter, Plaintiff filed a motion for reconsideration. (Docket Entry 6.) The undersigned entered a Recommendation denying the motion for reconsideration. (Docket Entry 7.) Though Plaintiff objected to the recommendation (Docket Entry 9), it was adopted on April 9, 2020. (Docket Entry 10.) On April 20, 2020, Plaintiff filed the instant motion for reconsideration. (Docket Entry 11.)

1

The Court construes Plaintiff's motion as a request to vacate judgment under Federal Rule of Civil Procedure 60(b).[1] To seek relief under Rule 60(b), "a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotations and citation omitted). After satisfying the threshold requirements, the movant must establish one of the six enumerated grounds for relief, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "It is within the sound discretion of the Court as to whether relief under Rule 60(b) should be granted." *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (internal quotations and citation omitted).

Here, there is nothing in Plaintiff's motion that warrants relief under Rule 60(b). Plaintiff again argues that he is indigent and faces imminent danger of serious injury from attacks by other inmates. (Docket Entry 11 at 1, 4-7.) The undersigned addressed these arguments in a prior recommendation. (Docket Entry 3 at 1-2.) Plaintiff does raise a new argument that he is in imminent danger of serious injury due to the COVID-19 pandemic. However, the pandemic is irrelevant to the claims Plaintiff asserts in his complaint, which primarily consist of Plaintiff's objections to homosexuality. (Docket Entry 2 ¶ 5). Without a

---

[1] Plaintiff filed his motion approximately six weeks after entry of Judgment. Thus, the Court will consider his motion under Rule 60(b) instead of Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

nexus between the alleged imminent danger of serious injury and the legal claims raised in the complaint, Plaintiff cannot proceed *in forma pauperis*. *See Meyers v. Comm'r of Social Security Admin.*, 2020 WL 429706, at *1 (4th Cir. Jan. 28, 2020) (unpublished) (barring a prisoner from bringing an appeal *in forma pauperis* pursuant to the PLRA); *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.") Thus, there is no basis to grant Plaintiff's motion for reconsideration under Rule 60(b).[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reconsideration (Docket Entry 11) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

April 28, 2020
Durham, North Carolina

---

[2] In a supplement filed on April 27, 2020, Plaintiff informed the Court that he had tested positive for COVID-19. (Docket Entry 12 at 1.) This does not materially affect the Court's analysis. Plaintiff also asks for appointment of counsel and "access to legal mails obstructed from [his] view." (*Id.*) To the extent Plaintiff's filing is construed as a motion, it should be denied. Plaintiff is not entitled to appointment of counsel as a matter of right. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). The circumstances of this case do not meet the requirements for appointment of counsel. *Id.* (noting that a litigant seeking appointment of counsel "must show that his case is one with exceptional circumstances."). In this case, Plaintiff does not have a colorable claim, nor are the circumstances here exceptional. Additionally, Plaintiff does not identify what legal documents he believes are being withheld from him or the relevance of those documents to this matter.